1   KEVIN A. DORSE (State Bar No. 146942)
    kdorse@tocounsel.com
2   SCOTT K. BEHRENDT (State Bar No. 200217)
    sbehrendt@tocounsel.com
3   THEODORA ORINGHER P.C.
    535 Anton Boulevard, Ninth Floor
4   Costa Mesa, CA 92626
    Tel.: (714) 549-6200
5   Fax: (714) 549-6201

6   JAMES D. WEINBERGER (admitted pro hac vice)
    jweinberger@fzlz.com
7   ANNA P. LEIPSIC (admitted pro hac vice)
    aleipsic@fzlz.com
8   GISELLE C.W. HURON (admitted pro hac vice)
    ghuron@fzlz.com
9   FROSS ZELNICK LEHRMAN & ZISSU, P.C.
    866 United Nations Plaza
10  New York, NY 10017
    Tel.: (212) 813-5900
11  Fax: (212) 813-5901

12  Attorneys for Defendants OLD NAVY, LLC
    and OLD NAVY (APPAREL), LLC

13             UNITED STATES DISTRICT COURT

14           CENTRAL DISTRICT OF CALIFORNIA



15

16  ACTIVE SPORTS LIFESTYLE USA,     Case No.: SACV 8:12-0572 JVS (Ex)
    LLC dba ACTIVE RIDE SHOP,
17                     ~~PROPOSED~~ PROTECTIVE
           Plaintiff,       ORDER
18
              v.           Complaint Filed: April 13, 2012
19                     Amended Complaint Filed: August 17,
    OLD NAVY, LLC; OLD NAVY     2012
20  (APPAREL), LLC; and DOES 1-10,   Trial Date: October 29, 2013

21            Defendants.

22

23       Plaintiff ACTIVE SPORTS LIFESTYLE USA, LLC dba ACTIVE RIDE

24  SHOP and Defendants OLD NAVY, LLC and OLD NAVY (APPAREL), LLC

25  (collectively, the "Parties," and each individually, a "Party") agree that disclosure

26  and discovery activity in this action are likely to involve production of confidential,

27  proprietary, or private information for which special protection from public

28  disclosure would be warranted.

PROPOSED PROTECTIVE ORDER                       CASE NO. SACV 8:12-0572 JVS (Ex)
{P1110789.4 }

Case 8:12-cv-00572-JVS-E                                    Page 2 of 21

## GOOD CAUSE STATEMENT

The Parties respectfully believe that good cause exists to enter the instant Protective Order in order to protect confidential, proprietary or private information from public disclosure. The confidential, proprietary or private information at issue includes information and data that could be used by actual or potential competitors to gain an improper and unlawful competitive advantage in the marketplace. This Protective Order is necessary to prevent such harm to the Parties. The Parties have attempted to draft this Protective Order narrowly and in a manner no more restrictive than necessary to protect such confidential, proprietary or private information from public disclosure.

**BASED ON THE FOREGOING, IT IS HEREBY STIPULATED AND AGREED AS FOLLOWS:**

1.     The Parties shall petition the Court for entry of the instant Protective Order for purposes of the above-captioned litigation. This Protective Order will remain in force unless modified by an order of this Court or by a written stipulation of the Parties lodged with this Court.

2.     Nothing in this Protective Order will prevent any Party from applying to the Court for relief from any of the provisions hereof, or for such further or additional order as the Court may deem appropriate.

3.     Applicability of Order: This Order will be applicable to and govern the handling of Discovery Materials, as that term is defined below, and will govern trial proceedings in this Litigation except as set forth in paragraph 30 below. As used herein, "producing Party" or "disclosing Party" shall refer to the parties to this action that give testimony or produce documents or other information, and "receiving Party" shall refer to the parties to this action that receive such information.

4.     Designation of Material: In responding to a request for discovery, the producing Party may designate for confidential treatment pursuant to this Protective

1  Order any documents, testimony or other information the producing Party considers

2  in good faith to be, or to reflect or reveal, CONFIDENTIAL MATERIAL or

3  CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, as those terms are

4  defined below (such designated material, together, "Confidential Discovery

5  Material"). Any other Party may object to such designation using the procedures

6  noted herein. Each Party or Non-Party that designates information or items for

7  protection under this Order must take care to limit any such designation to specific

8  material that qualifies under the appropriate standards. Mass, indiscriminate, or

9  routinized designations are prohibited.

10      5.    CONFIDENTIAL MATERIAL:  For purposes of this Protective Order,

11  "CONFIDENTIAL MATERIAL" means and includes all non-public, confidential or

12  proprietary information or material, whether personal or business related, which is

13  produced for or disclosed to a receiving Party that a party believes in good faith to be

14  confidential or sensitive information, including, but not limited to, trade secrets,

15  proprietary research, design, development, financial, technical, marketing, planning,

16  personal, or commercial information, as such terms are used in Rule 26(c)(1)(G) of

17  the Federal Rules of Civil Procedure and any applicable case law interpreting Rule

18  26(c)(1)(G) or the former Rule 26(c)(7). CONFIDENTIAL MATERIAL may be

19  embodied, among other things, in physical objects, documents (whether in hard copy

20  or computer readable form), deposition testimony, interrogatory answers, responses

21  to requests for admission and/or production, or the factual knowledge of persons

22  (collectively, "Discovery Materials"). CONFIDENTIAL MATERIAL must be so

23  designated by the producing Party in the manner set forth hereinafter, or otherwise

24  agreed to in writing by the Parties. Discovery Materials designated

25  CONFIDENTIAL MATERIAL shall be available only to those persons identified in

26  Paragraph 10, below. Nothing in this Protective Order shall prevent a receiving

27  Party from contending that any or all Discovery Materials designated as

28  CONFIDENTIAL MATERIAL have been improperly designated.

PROPOSED PROTECTIVE ORDER
{P1110789.4 }

CASE NO. SACV 8:12-0572 JVS (Ex)

6.   CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY:
CONFIDENTIAL MATERIAL that includes information relating to non-public
financial information, marketing plans, and trade secrets (as such term is defined in
California Civil Code § 3426.1),[1] or extremely sensitive, highly confidential, non-
public information, consisting either of trade secrets or proprietary or other highly
confidential business, financial, regulatory, or strategic information (including
information regarding business plans, technical data, and non-public designs), the
disclosure of which would create a substantial risk of competitive or business injury
to the Producing Party, may additionally be designated "ATTORNEYS' EYES
ONLY." Discovery Materials designated CONFIDENTIAL MATERIAL-
ATTORNEYS' EYES ONLY shall be available only to those persons identified in
Paragraph 11, below. The Parties agree to use reasonable care when designating any
Discovery Materials as CONFIDENTIAL MATERIAL-ATTORNEYS' EYES
ONLY. Nothing in this Protective Order shall prevent a receiving Party from
contending that any or all Discovery Materials designated as CONFIDENTIAL
MATERIAL-ATTORNEYS' EYES ONLY have been improperly designated.

7.   Challenging Designation of Materials:  A receiving Party may at any
time request that the producing Party change any CONFIDENTIAL MATERIAL-
ATTORNEYS' EYES ONLY designation to CONFIDENTIAL MATERIAL, or to
remove the CONFIDENTIAL MATERIAL designation entirely.  Such a request
shall be written, shall be served on counsel for the producing Party, shall particularly
identify the Discovery Materials that the receiving Party contends have been
improperly designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL
MATERIAL-ATTORNEYS' EYES ONLY, shall state briefly with respect to each

---

[1] California Civil Code § 3426.1 provides that trade secret "means information, including a formula, pattern, compilation, program, device, method, technique, or process, that:  (1) Derives independent economic value, actual or potential, from not being generally known to the public or to other persons who can obtain economic value from its disclosure or use; and (2) Is the subject of efforts that are reasonable under the circumstances to maintain its secrecy."

1   disputed designation the receiving Party's position (and shall provide any legal

2   authority that the receiving Party believes is dispositive of the dispute as to that

3   designation), shall specify the terms of the discovery order to be sought if the

4   producing Party refuses to change or remove the designation, and shall request a

5   conference among the Parties' counsel, pursuant to Local Rule 37-1.

6       8.      Unless relieved by written order of the Court upon good cause shown,

7   counsel for the Parties shall confer within ten (10) days after the receiving Party

8   serves the letter described in Paragraph 7, and shall confer in a good faith effort to

9   eliminate the necessity of filing any motion or to eliminate as many of the disputes as

10  possible, pursuant to Local Rule 37-1. If after such conference the Parties are unable

11  to reach an agreement, the Parties shall prepare a written stipulation pursuant to

12  Local Rules 37-2, 37-2.1 and 37-2.2, and the receiving Party may file a motion

13  asking the Court to remove the CONFIDENTIAL MATERIAL or CONFIDENTIAL

14  MATERIAL-ATTORNEYS' EYES ONLY designation pursuant to Local Rule 37-2.

15  The Parties also shall comply with the procedures and requirements relating to

16  supplemental memoranda and a hearing on the motion set forth in Local Rules 37-

17  2.3 and 37-3. If the receiving Party does not initiate the discovery motion process

18  under Local Rule 37 within sixty (60) days of a challenge, the subject

19  CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS'

20  EYES ONLY designation remains as originally designated. The Party designating

21  the Discovery Materials as CONFIDENTIAL MATERIAL or CONFIDENTAL

22  MATERIAL-ATTORNEYS' EYES ONLY shall bear the burden of establishing the

23  confidentiality of such material pursuant to this Protective Order. The Receiving

24  Party must make de-designation requests in good faith. Mass, indiscriminate, or

25  routinized requests for de-designation are prohibited.

26      9.      <u>Designation of Confidential Discovery Material:</u> The designation of

27  any Discovery Materials shall be made in the following manner:

28

PROPOSED PROTECTIVE ORDER
{P1110789.4 }

5

CASE NO. SACV 8:12-0572 JVS (Ex)

1        a.    Any document or tangible thing containing or including any

2 Confidential Discovery Material may be designated as such by the producing Party

3 marking it with the legend "CONFIDENTIAL" or "CONFIDENTIAL-

4 ATTORNEYS' EYES ONLY" near the Bates number, if practical, on each page

5 containing Confidential Discovery Material (or in the case of computer medium on

6 the medium and its label and/or cover) to which the designation applies prior to or at

7 the time copies are furnished to the receiving Party.

8        b.    With respect to deposition testimony or other pretrial testimony,

9 in the case of depositions or other pre-trial testimony, designation of the portion of

10 the transcript (including exhibits) which contains Confidential Discovery Material

11 shall be made (i) by a statement on the record at the time of such disclosure by

12 counsel for the deponent that such testimony is CONFIDENTIAL or

13 CONFIDENTIAL-ATTORNEYS' EYES ONLY, or (ii) by written notice, sent by

14 counsel for the deponent to all counsel for all Parties on or before the end of the

15 thirty (30) days after receiving a copy of the transcript thereof.  All deposition

16 transcripts prepared in the action shall be deemed to be CONFIDENTIAL

17 MATERIAL-ATTORNEYS' EYES ONLY in their entirety until the end of thirty

18 (30) days after their receipt by counsel for the producing Party.  Thereafter, only

19 those portions of the deposition transcripts prepared in the action which have been

20 designated by the producing Party as CONFIDENTIAL MATERIAL or

21 CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY will be treated as

22 such pursuant to the provisions of this Protective Order.

23       10.   <u>Persons Authorized to Receive CONFIDENTIAL MATERIAL:</u>

24 Discovery Materials designated CONFIDENTIAL MATERIAL and information

25 contained therein may be disclosed, summarized, described, characterized or

26 otherwise communicated or made available in whole or in part only to the following

27 persons:

28

1          a.    Officers, directors or employees of parties who have a need to

2    know such information for purposes of this Litigation who have agreed to this

3    Protective Order by signing through counsel;

4          b.    outside counsel who represent Parties in this action, and regular

5    and temporary employees of those counsel assisting in the representation for use in

6    accordance with this Protective Order;

7          c.    experts and consultants who have been engaged to assist counsel

8    for a Party ("Technical Advisors") and who are not employed by, were not employed

9    by, are not anticipated to be employed in the next twelve (12) months by, and are not

10   otherwise affiliated with the opposing Party, and who have agreed to this Protective

11   Order by signature;

12         d.    the Court, persons employed by the Court who are necessary for

13   the handling of the Litigation, and court reporters transcribing the testimony or

14   argument at a hearing, trial or deposition in this Litigation or any appeal therefrom;

15         e.    any actual deponent or witness in this action who has previously

16   received the CONFIDENTIAL MATERIAL in his or her capacity as a director,

17   officer or employee of the Party who produced the material; has been informed

18   previously of the CONFIDENTIAL MATERIAL in his or her capacity as a director,

19   officer or employee of the Party who produced the material; is currently employed

20   by the Party that produced the CONFIDENTIAL MATERIAL; or agrees to this

21   Protective Order by signing through counsel; and

22         f.    the court reporter engaged to report a deposition in which

23   CONFIDENTIAL MATERIAL is disclosed and any service bureau. A "service

24   bureau" is a person, agency or organization that is independent of the Parties and is

25   engaged by counsel of record to perform clerical, copying, bate stamping, document

26   handling, stenographic, computer data entry or other litigation support services.

27       11.   Persons Authorized to Receive CONFIDENTIAL MATERIAL-

28   ATTORNEYS' EYES ONLY: Discovery Materials designated CONFIDENTIAL

1  MATERIAL-ATTORNEYS' EYES ONLY and information contained therein may

2  be disclosed, summarized, described, characterized or otherwise communicated or

3  made available in whole or in part only to the following persons:

4          a.    in-house counsel of Parties and outside counsel who represent

5  Parties in this action, and regular and temporary employees of those counsel assisting

6  in the representation for use in accordance with this Protective Order;

7          b.    Technical Advisors who are not employed by, were not employed

8  by, are not anticipated to be employed in the next twelve (12) months by, and are not

9  otherwise affiliated with the opposing Party, and who have agreed to this Protective

10  Order by signature;

11          c.    the Court, persons employed by the Court who are necessary for

12  the handling of the Litigation, and court reporters transcribing the testimony or

13  argument at a hearing, trial or deposition in this Litigation or any appeal therefrom;

14          d.    any actual deponent or witness in this action who has previously

15  received the CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY in his or

16  her capacity as a director, officer or employee of the Party who produced the

17  material; has been informed previously of the CONFIDENTIAL MATERIAL-

18  ATTORNEYS' EYES ONLY in his or her capacity as a director, officer or

19  employee of the Party who produced the material; is currently employed by the Party

20  that produced the CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY; or

21  agrees to this Protective Order by signing through counsel; and

22          e.    the court reporter engaged to report a deposition in which

23  CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY is disclosed and any

24  service bureau.

25      12.    The Parties described above in Paragraphs 10(a)-(f) and 11(a)-(e) are

26  prohibited from disclosing, summarizing, describing, characterizing or otherwise

27  communicating material designated as either CONFIDENTIAL MATERIAL or

28

1  CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, directly or indirectly,

2  except in accordance with the terms of this Protective Order.

3      13.    In the event that deposition testimony is designated CONFIDENTIAL

4  MATERIAL-ATTORNEYS' EYES ONLY pursuant to Paragraph 9(b), all persons

5  not identified in Paragraph 11 shall be excluded from the deposition and shall not re-

6  enter until the designating Party agrees that the testimony is no longer confidential

7  and does not warrant the protection of the CONFIDENTIAL MATERIAL-

8  ATTORNEYS' EYES ONLY designation. However, Parties opposing a

9  CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY designation reserve

10  the right to promptly challenge said designation, pursuant to the procedure set forth

11  in Paragraphs 7 and 8.

12      14.    Notwithstanding the terms of Paragraphs 10 and 11, the undersigned

13  counsel may agree in writing to allow Discovery Materials designated as

14  CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS'

15  EYES ONLY to be disclosed to a person or entity not listed Paragraphs 10(a)-(f) or

16  11(a)-(e). The Parties agree to meet and confer in good faith, pursuant to Local Rule

17  37, in the event that a Party wishes to disclose Discovery Materials designated as

18  CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS'

19  EYES ONLY to a person or entity not listed Paragraphs 10(a)-(f) or 11(a)-(e).

20  Should the Parties disagree as to whether such Discovery Materials may be disclosed

21  to such a person or entity, the Parties shall follow the procedures set forth in Local

22  Rule 37 regarding discovery disputes.

23      15.    Before any Discovery Materials designated as CONFIDENTIAL

24  MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, or

25  information contained therein, may be disclosed to any person described in

26  subparagraphs 10(c) or 11(b), that person shall be required to agree in writing or on

27  the record to adhere to the terms of this Protective Order. Nothing contained in this

28  Protective Order shall preclude Court officials or any certified reporter retained to

PROPOSED PROTECTIVE ORDER                         CASE NO. SACV 8:12-0572 JVS (Ex)
{P1110789.4 }
                                    9

1 | transcribe depositions in this proceeding from access to designated Confidential

2 | Discovery Material during Court proceedings or depositions in this action.

3 |     16.   Anyone who intends to disclose, summarize, characterize, otherwise

4 | communicate, give access to or make available CONFIDENTIAL MATERIAL or

5 | material designated as CONFIDENTIAL MATERIAL-ATTORNEYS' EYES

6 | ONLY to any person described in subparagraphs 10(c), 10(f), 11(b), and/or 11(e)

7 | must:

8 |     a.   advise the person that the material or information is being

9 | disclosed pursuant and subject to the terms of this Protective Order and may not be

10 | disclosed, summarized, described, characterized, or otherwise communicated or

11 | made available in whole or in part to any other person except pursuant to the terms

12 | hereof; and

13 |     b.   require the person to commit, in writing or on the record, to abide

14 | by and be bound by the terms of this Protective Order, by for example, executing a

15 | Confidentiality Agreement substantially in the form of the Attachment hereto.

16 |     17.   Filing of Confidential Discovery Material: Without written permission

17 | from the Producing Party or a court order, a party may not file in the public record in

18 | this action any Confidential Discovery Material. The parties shall comply with Local

19 | Rule 79-5 when seeking to file Confidential Discovery Material under seal.

20 |     a.   Counsel for any Party submitting to or lodging or filing with the

21 | Court any designated CONFIDENTIAL MATERIAL or CONFIDENTIAL

22 | MATERIAL-ATTORNEYS' EYES ONLY or any paper that contains, reflects or

23 | reveals CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-

24 | ATTORNEYS' EYES ONLY, shall apply to the Court to file all such documents

25 | under seal pursuant to Local Rule 79-5.1. The party desiring to place any

26 | Confidential Discovery Material before the Court shall lodge the information in a

27 | sealed envelope along with an application to file the papers or the portion thereof

28 | containing Confidential Discovery Material under seal and a copy of a Proposed

PROPOSED PROTECTIVE ORDER
{P1110789.4 }

CASE NO. SACV 8:12-0572 JVS (Ex)

1 | Order Sealing Documents. Said envelope shall be endorsed with the title of the
2 | Litigation, an indication of the nature of the contents of such sealed envelope, the
3 | identity of the party filing the materials, the phrase CONFIDENTIAL MATERIAL
4 | or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, and a statement
5 | substantially in the following form:
6 | THIS ENVELOPE CONTAINS MATERIALS SUBJECT TO A PROTECTIVE
7 | ORDER ENTERED IN THIS LITIGATION. IT IS NOT TO BE OPENED NOR
8 | ARE ITS CONTENTS TO BE DISPLAYED, REVEALED, OR MADE PULBIC,
9 | EXCEPT BY ORDER OF THE COURT. UNLESS THE COURT ORDERS THAT
10 | IT NOT BE FILED, IT SHALL BE FILED UNDER SEAL.

11 |         b.      Additionally, within seven (7) days from the date that the papers
12 | (or portions thereof) were filed under seal consistent with the above procedures, the
13 | party who filed the papers under seal also shall file in the public record a version of
14 | the papers that has been redacted to omit the Confidential Discovery Material (or any
15 | references thereto).

16 |         c.      The parties shall also comply with Local Rule 79-5.4 with respect
17 | to the appropriate treatment of personal identifier information in connection with any
18 | filing with the Court.

19 |         d.      All subsequent papers that refer to or rely upon such evidence
20 | shall designate the particular aspects that are CONFIDENTIAL MATERIAL or
21 | CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, so that the Court, in
22 | drafting orders, may determine whether there is evidence which the Court should
23 | attempt not to disclose. Absent such advance notification, the Court will be free to
24 | incorporate all such evidence in its written and oral rulings.

25 |         18.     Entering into, agreeing to, or producing or receiving CONFIDENTIAL
26 | MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY, or
27 | otherwise complying with the terms of this Protective Order shall not:

28

PROPOSED PROTECTIVE ORDER
{P1110789.4 }                                        CASE NO. SACV 8:12-0572 JVS (Ex)

Case 8:12-cv-00572-JVS-E   D

1         a.    operate as an admission that any particular Confidential

2 Discovery Material is relevant or admissible at trial;

3         b.    prejudice in any way the rights of a producing Party to object to

4 the production or admissibility of any Confidential Discovery Material, or operate as

5 an admission by any party that the restrictions and procedures set forth herein

6 constitute adequate protection for any particular information deemed by any party to

7 be deemed CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-

8 ATTORNEYS' EYES ONLY;

9         c.    prevent the Parties from seeking a determination by the Court

10 whether any Confidential Discovery Material should be subject to this Order, or from

11 petitioning the Court for a protective order relating to any purportedly confidential

12 information; or

13        d.    prevent the Parties to this Protective Order from agreeing in

14 writing to amend, alter or waive the provisions or protections provided for herein

15 with respect to any Confidential Discovery Material.

16    19.    This Protective Order has no effect upon, and shall not apply to any

17 producing Party's use of its own Confidential Discovery Material for any purpose.

18    20.    <u>Inadvertent Disclosure:</u>  If a document or other information is

19 inadvertently produced without any designation of confidentiality, a Party

20 nevertheless may assert the confidentiality of the document or other information and

21 the Parties must thereafter treat the document or other information as

22 CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS'

23 EYES ONLY, as asserted.  After such an assertion, each Party shall affix the legend

24 "CONFIDENTIAL" or "CONFIDENTIAL-ATTORNEYS' EYES ONLY" to each

25 copy of the newly designated document or other information in its possession and

26 shall make all reasonable efforts to ensure that every entity or individual to whom

27 that Party has disclosed the information also affixes the appropriate legend to each

28 copy of the newly designated document or other information in its possession.

PROPOSED PROTECTIVE ORDER                  CASE NO. SACV 8:12-0572 JVS (Ex)
{P1110789.4 }

Case 8:12-cv-00572-JVS-E

1       21.   All documents (including physical objects) may be made available for

2    initial inspection by counsel for the receiving Party prior to producing copies of

3    selected items. At the request of the producing Party, these documents made

4    available for initial inspection shall initially be considered, as a whole, to constitute

5    CONFIENTIAL MATERIAL-ATTORNEYS' EYES ONLY and shall be subject to

6    this Protective Order. Thereafter, the producing Party shall have a reasonable time to

7    review and designate the appropriate documents as CONFIDENTIAL MATERIAL

8    or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY prior to furnishing

9    copies to the receiving Party. Such initial inspection of documents (including

10   physical objects) shall not constitute a waiver of the attorney-client privilege or work

11   product immunity with respect to any document so inspected.

12      22.   <u>No Waiver of Privilege</u>: This Order is intended to provide the full

13   protection afforded by Federal Rule of Evidence 502(d), providing that "A Federal

14   court may order that the privilege or protection is not waived by disclosure

15   connected with the litigation pending before the court – in which event the disclosure

16   also is not a waiver in any other Federal or State proceeding." Furnishing of copies

17   to the receiving Party shall not constitute a waiver of the attorney-client privilege or

18   work product immunity with respect to any document or physical object so

19   furnished, if within ten (10) business days after learning of an inadvertent production

20   of documents or things properly within the attorney-client privilege or work product

21   immunity, the producing Party designates any such documents as within either the

22   attorney-client privilege or work product immunity and requests return of any such

23   documents to the producing Party. Upon a reasonable request by the receiving Party

24   as to whether a document was inadvertently produced, the producing Party shall have

25   ten (10) business days to respond. The producing Party's response shall: (1) state

26   whether the document was or was not inadvertently produced, (2) if applicable,

27   designate the document as within the attorney-client privilege or work product

28   immunity, and (3) state whether return of the document is requested. Upon request

1  by the producing Party for return of any such documents designated as within either

2  the attorney-client privilege or work product immunity, the receiving Party

3  immediately shall return to the producing Party all copies of such documents

4  provided the producing Party make an adequate showing of the privilege or work

5  product immunity.  Nothing herein shall prevent the receiving Party from

6  challenging the proprietary of the attorney-client privilege or work product immunity

7  designation by filing an appropriate motion with the Court.

8       23.    In the event of disclosure of any Confidential Discovery Material to a

9  person not authorized to receive it under the terms of this Protective Order, the Party

10  responsible for having made, and any Party with knowledge of, such disclosure shall

11  immediately inform counsel for the producing Party of all information concerning

12  the nature and the circumstances of the disclosure.  The responsible Party also must

13  promptly take all reasonable measures to ensure that no further or greater

14  unauthorized disclosure of such information or materials is made by anyone, and

15  each Party will cooperate in good faith in that effort.

16       24.    Additional Parties or Attorneys:  In the event any additional Party joins

17  or is joined in this action, the newly joined Party shall not have access to

18  CONFIDENTIAL MATERIAL until the newly joined Party, by its counsel, has

19  executed and filed with the Court its agreement to be bound fully by this Protective

20  Order by executing and delivering to the Parties hereto an agreement to be bound by

21  its terms.  At no time will a Party (other than a Party's in-house counsel, as per

22  11(a)) have access to CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY.

23       25.    Conclusion of Litigation:  Within thirty (30) calendar days after the

24  conclusion of this action in its entirety, all persons receiving Confidential Discovery

25  Material must either return such material and all copies thereof to counsel for the

26  Party that produced it, or must destroy all such material in a manner that ensures that

27  such material will not be disclosed to other person.  Counsel for the Parties are

28  entitled to retain all court papers, deposition and trial transcripts, exhibits used in

PROPOSED PROTECTIVE ORDER                           CASE NO. SACV 8:12-0572 JVS (Ex)
{F1110789.4 }
                                    14

1   affidavits, at depositions and at trial, and attorney work product (except for certain

2   litigation database, as set forth in the third sentence in this paragraph), including

3   materials containing, quoting, discussing or analyzing Confidential Discovery

4   Material, provided that such outside counsel, and employees of such outside counsel,

5   shall not disclose such court papers, deposition and trial transcripts, exhibits or

6   attorney work product to any person except on reasonable notice to the producing

7   Party and pursuant to a court order, or agreement by the producing Party. All

8   materials returned to the Parties or their counsel by the Court shall be disposed of in

9   accordance with this paragraph. "Conclusion of this action" means after all appeal

10  periods have expired or after the execution of a settlement among all the Parties

11  finally disposing of this action.

12      26.   In the event that any person ceases to be engaged in the litigation and/or

13  settlement of this action, such person's access to documents, testimony and

14  information designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL

15  MATERIAL-ATTORNEYS' EYES ONLY shall be terminated. However, the

16  provisions of this Protective Order shall remain in full force and effect as to any

17  person or Party who has obtained access to documents, testimony or information

18  designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL-

19  ATTORNEYS' EYES ONLY hereunder, except as may be specifically ordered by

20  the Court or consented to by the producing Party. In addition, any such person who

21  ceases to be engaged in the litigation and/or settlement of this action and who has

22  had access to documents, testimony or information designated as CONFIDENTIAL

23  MATERIAL or CONFIDENTIAL MATERIAL-ATTORNEYS' EYES ONLY must

24  return or destroy such material in accordance with Paragraph 25 of this Protective

25  Order.

26      27.   Storage of Confidential Discovery Material: Confidential Discovery

27  Material and all copies or reproductions thereof in the possession of counsel shall be

28

PROPOSED PROTECTIVE ORDER
{P1110789.4 }

CASE NO. SACV 8:12-0572 JVS (Ex)

1   maintained in a secure manner with reasonable precautions taken to ensure that

2   access is restricted in accordance with the terms of this agreement..

3        28.    If the production of Confidential Discovery Material is sought by means

4   of legal process, the recipient of the legal process shall (a) notify the originator of the

5   Confidential Discovery Material and (b) cooperate with the originator of the

6   Confidential Discovery Material to use all reasonable legal means to avoid

7   production or, in the alternative, insure that production is subject to this Protective

8   Order or similar provisions of confidentiality and non-disclosure.

9        29.    In order to facilitate the prompt exchange of documents, the terms of

10  this Protective Order are binding on a Party and its Technical Advisors immediately

11  upon signing this Protective Order.  When and if this Protective Order is entered by

12  the Court, such entry shall be deemed retroactive to the date of execution of this

13  Protective Order by representatives for all Parties.

14       30.    Documents designated CONFIDENTIAL MATERIAL or

15  CONFIDENTIAL-ATTORNEYS' EYES ONLY may be used by any Party without

16  limitation at trial.  However, any Party who wishes to have such documents treated

17  as CONFIDENTIAL or CONFIDENTIAL-ATTORNEYS' EYES ONLY during trial

18  may renew its request for confidentiality before the trial judge at a pretrial

19  conference and/or through a motion in limine in advance of trial.  Any Party who

20  wishes to have such documents treated as CONFIDENTIAL or CONFIDENTIAL-

21  ATTORNEYS' EYES ONLY during trial must show sufficient cause for such

22  treatment.

23       31.    Miscellaneous

24            a.    By stipulating to the entry of this Protective Order, no Party

25  waives any right it otherwise would have to object to disclosing or producing any

26  information or item on any ground not addressed in this Protective Order.  Similarly,

27  no Party waives any right to object on any ground to use in evidence of any of the

28  material covered by this Protective Order.  Moreover, this Protective Order shall not

PROPOSED PROTECTIVE ORDER                                CASE NO. SACV 8:12-0572 JVS (Ex)
{P1110789.4 }

1   preclude or limit any Party's right to seek further and additional protection against or

2   limitation upon production of documents produced in response to discovery.

3          b.     Nothing in this Protective Order shall require disclosure of

4   materials a Party contends are protected from disclosure by the attorney-client

5   privilege or the attorney work-product doctrine.  This provision shall not, however,

6   be construed to preclude any Party from moving the Court for an order directing the

7   disclosure of such materials where it disputes the claim of attorney-client privilege or

8   attorney work-product doctrine.

9          c.     This Protective Order shall not prevent a Party from applying to

10  the Court for relief therefrom, or from applying to the Court for a modification of

11  this Protective Order or further protective orders, or from agreeing between

12  themselves to modification of this Protective Order.

13         d.     This Protective Order may be executed in counterparts, which

14  taken together shall be deemed to constitute one and the same document.  Facsimile,

15  photocopy and PDF signatures shall be considered original signatures.

16         e.     The Court's jurisdiction to enforce the terms of this Order expires

17  six (6) months after final termination of this action unless otherwise ordered by the

18  Court.

19         f.     The headings herein are provided only for the convenience of the

20  Parties and are not intended to define or limit the scope of the express terms of this

21  Protective Order.

22

23

24

25

26

27

28

PROPOSED PROTECTIVE ORDER
{P1110789.4 }

CASE NO. SACV 8:12-0572 JVS (Ex)

1  IT IS SO STIPULATED.

2

   *Attorneys for Plaintiff:*

3

   Dated:  Newport Beach, California

4          January 23, 2013

5

   **CALL & JENSEN P.C.**

6

7  By: _Deborah Gubernick_

8      Wayne W. Call

9      (SBN 56676)
       wcall@calljensen.com

10     Scott P. Shaw

11     (SBN 223592)
       sshaw@calljensen.com

12     Deborah A. Gubernick

13     (SBN 242483)
       dgubernick@calljensen.com

14     610 Newport Center Drive

15     Suite 700
       Newport Beach, CA  92660

16     Tel.:  (949) 717-3000

17

18

19

20

21

22

23

24

25

26

27

28

1 | *Attorneys for Defendant:*

2 | Dated:  New York, New York

3 |         January 23, 2013

4 | **FROSS ZELNICK LEHRMAN &**

5 | **ZISSU, P.C.**

6

7 | By: _(signature)_

8 | James D. Weinberger
(jweinberger@fzlz.com)

9 | Anna P. Leipsic
(aleipsic@fzlz.com)

10 | Giselle C.W. Huron
(ghuron@fzlz.com)

11 | 866 United Nations Plaza

12 | New York, NY 10017

13 | Tel.: (212) 813-5900

14

Dated: Costa Mesa, California
        January 23, 2013

**THEODORA ORINGHER P.C.**

By: _(signature)_

Kevin A Dorse
(SBN 146942)
(kdorse@tocounsel.com)
Scott K. Behrendt
(SBN 200217)
(sbehrendt@tocounsel.com)
535 Anton Boulevard
Ninth Floor
Costa Mesa, CA 92626
Tel.: (714) 549-6200

15 | Dated: January 30, 2013

16

17 | SO ORDERED:

18

19 | _(signature)_

20 | Hon. ~~James V. Selna, U.S.D.J.~~
Charles F. Eick

21 | United States Magistrate Judge

22

23

24

25

26

27

28

PROPOSED PROTECTIVE ORDER
{F1110789.4 }

CASE NO. SACV 8:12-0572 JVS (Ex)

# EXHIBIT TO PROTECTIVE ORDER

## UNITED STATES DISTRICT COURT

### CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ACTIVE SPORTS LIFESTYLE USA, LLC dba ACTIVE RIDE SHOP,<br><br>Plaintiff,<br><br>v.<br><br>OLD NAVY, LLC; OLD NAVY (APPAREL), LLC; and DOES 1-10,<br><br>Defendants. | Case No.: SACV 8:12-0572 JVS (Ex)<br><br>**DECLARATION REGARDING PROTECTIVE ORDER**<br><br>Complaint Filed:  April 13, 2012<br>Amended Complaint Filed:  August 17, 2012<br>Trial Date:  October 29, 2013 |

I, _____, HEREBY DECLARE:

1.    I am over the age of 18.  I have received and read a copy of the Protective Order entered by the Court on January __, 2013, and am familiar with its terms.

2.    I agree to comply with and be bound by the Protective Order until relieved by further Order of the Court or by written agreement of all the parties to this Action.

3.    If I receive documents or information designated as CONFIDENTIAL MATERIAL or CONFIDENTIAL MATERIAL- ATTORNEYS' EYES ONLY, (as those terms are defined in the Protective Order), I understand that such information is provided to me pursuant to the terms and restrictions of the Protective Order.

4.    I agree to hold in confidence and not further disclose or use for any purpose (other than is permitted by the Protective Order) any information disclosed to me pursuant to the terms of the Protective Order.

5.    I agree to submit to the jurisdiction of this Court if any dispute arises over my use of the Confidential Information covered under the Protective Order or over any other issues raised under the Protective Order.

PROPOSED PROTECTIVE ORDER
{P1110789.4 }

CASE NO. SACV 8:12-0572 JVS (Ex)

1      6.    My address and telephone number is: _____

2 _____.

3      I declare under penalty of perjury under the laws of the United States that the

4 foregoing is true and correct.

5      Executed on this _____ day of _____, 201_, in the City of

6 _____, State of _____.

7

8               Signature: _____