UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-572 JVS (Ex) | Date | March 21, 2014 |
| Title | Active Sports Lifestyle USA, LLC v. Old Navy, LLC et al. | | |

Present: The Honorable    James V. Selna

| Karla J. Tunis | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**   **(IN CHAMBERS)**   **Order Denying Plaintiff's Motion for Permanent Injunction**

Plaintiff Active Sports Lifestyle USA, LLC ("Active") seeks to permanently enjoin Defendants Old Navy, LLC and Old Navy (Apparel), LLC (together, "Old Navy") from continued infringement of Active's trademark rights in the mark "ACTIVE." (Mot., Docket No. 381.) Old Navy opposes the motion. (Opp'n, Docket No. 388.) Active has replied. (Reply, Docket No. 391.)

For the following reasons, the Court DENIES the motion for permanent injunction.

## I. Background

The factual background of this case is familiar to the parties and the Court. On December 13, 2013, a jury verdict was returned against Old Navy. The jury found Old Navy liable for infringement of Active's federally registered and common law trademarks in the word ACTIVE, but awarded Active no damages and none of Old Navy's profits. (Docket No. 380.)

Active's motion seeks to permanently enjoin Old Navy from designing, manufacturing, importing, shipping, delivering, selling, marketing, displaying, or advertising any products bearing markings (including but not limited to the "ACTIVE by Old Navy" mark at issue in the trial) that infringe Active's trademarks that the jury found had been infringed. (Proposed Order, Docket No. 381-8.) Active also seeks an order that Old Navy destroy all remaining inventory in its possession or control of products bearing infringing marks, and pay Active a royalty of 1.8% of all gross revenue Old Navy has

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-572 JVS (Ex)                     Date  March 21, 2014

Title  Active Sports Lifestyle USA, LLC v. Old Navy, LLC et al.

received and will receive from sales of products branded with the ACTIVE by Old Navy mark after the end of the trial. (Id.)

## II. Legal Standard

The Court has the power to impose an injunction to prevent the violation of a trademark registrant's rights. See 15 U.S.C. § 1116(a).

Whether or not to impose a permanent injunction in trademark cases is a decision within the Court's discretion. Polo Fashions, Inc. v. Dick Bruhn, Inc., 793 F.2d 1132, 1135 (9th Cir. 1986). The Court must be guided by traditional equitable principles in determining whether injunctive relief, an equitable remedy, is appropriate. See Reno Air Racing Ass'n, Inc. v. McCord, 452 F.3d 1126, 1137 (9th Cir. 2006) (citing eBay Inc. v. MercExchange, L.L.C., 547 U.S. 388, 392 (2006)).

The Ninth Circuit has established four factors to be considered in determined whether an injunction should issue: (1) whether the plaintiff will suffer irreparable injury absent an injunction; (2) whether remedies at law are inadequate; (3) the balance of hardships between plaintiff and defendants; and (4) whether the public interest would be disserved by an injunction. See Reno Air, 452 F.3d at 1137 n.11.

Importantly, any factual findings made by the jury during trial bind this Court in its consideration of equitable remedies. GTE Sylvania Inc. v. Cont'l T.V., Inc., 537 F.2d 980, 986 n.7 (9th Cir. 1976), aff'd, 433 U.S. 36 (1977) ("When issues common to both legal and equitable claims are to be tried together, the legal issues are to be tried first, and the findings of the jury are binding on the trier of the equitable claims.") (citation omitted).

## III. Discussion

Active contends that it satisfies Reno Air's four-factor test, and hence is entitled to a permanent injunction against Old Navy. The Court disagrees, as set forth below.

### A. Irreparable Harm

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-572 JVS (Ex)                                    Date  March 21, 2014

Title  <u>Active Sports Lifestyle USA, LLC v. Old Navy, LLC et al.</u>

Active asserts that it will suffer irreparable injury based on a number of grounds.

First, based on the jury's verdict, it is indisputable that Old Navy infringed Active's trademark rights. Failing to award an injunction would permit Old Navy to continue its infringing activity on a national scale. Active points to trial testimony that in some cases, niche brands were harmed when they began selling products through mass market retailers. In addition, Active states that it has evidence of actual consumer confusion that it was precluded from introducing at trial. Finally, Active points to cases holding that intangible injuries, such as damage to goodwill or inability to control the reputation of its mark, constitute irreparable harm. <u>See, e.g.</u>, <u>Rent-A-Center, Inc. v. Canyon Television & Appliance Rental, Inc.</u>, 944 F.2d 597, 603 (9th Cir. 1991).

As an initial matter, the Court will not consider evidence of actual consumer confusion it already ruled inadmissible.

Old Navy argues that the jury's decision not to award damages binds this Court and that a finding of irreparable harm from future infringement would conflict with the verdict impermissibly. Old Navy overstates its case insofar as the caselaw is clear that some injuries cannot be measured by damages, and that a failure of proof of damages does not doom a request for equitable relief.

However, it remains the case that decisions by the Ninth Circuit subsequent to the cases cited by Active significantly weaken Active's argument. Specifically, the Court may not conclude that the fact of infringement itself constitutes irreparable harm, and the existence of intangible harms such as a loss of goodwill must be shown by evidence. <u>See Herb Reed Enters., LLC v. Fla. Entm't Mgmt., Inc.</u>, 736 F.3d 1239, 1250–51 (9th Cir. 2013) ("[A]ctual irreparable harm must be demonstrated to obtain a permanent injunction in a trademark infringement action."). Active has failed to present evidence beyond speculation that it will face a loss of goodwill in the future, or that its inability to fully control the use of marks substantially similar to its own will result in harm.

At the hearing on this motion, Active pointed to several cases decided after it had submitted its papers—and thus, decided after <u>Herb Reed</u>—that Active argued supported its position on irreparable harm. The Court invited a written response from Old Navy (Docket No. 395), which Old Navy provided. (Docket No. 396.) All three cases Active

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.  SACV 12-572 JVS (Ex)                                  Date  March 21, 2014

Title   Active Sports Lifestyle USA, LLC v. Old Navy, LLC et al.

cited are from outside the Ninth Circuit, and given their tension with Herb Reed, which binds this Court, and their distinct factual or procedural contexts, the Court declines to change its view that irreparable harm is required. In Reservoir, Inc. v. Truesdell, No. 4:12-2756, 2014 WL 808026 (S.D. Tex. Feb. 28, 2014), the Southern District of Texas denied a permanent injunction in a case involving two western-themed nightclubs bearing the same name and operating in the same city. The court did so because the defendants had ceased their infringing activity during the litigation, and there was no reason to believe they would resume. Id. at *11. While Old Navy has not ceased its infringing activity, and is almost certain to continue, that does absolve Active of its burden to demonstrate actual irreparable harm. Moreover, Reservoir was decided in the Fifth Circuit, which continues to presume harm from a showing of trademark infringement. See Abraham v. Alpha Chi Omega, 708 F.3d 614, 627 (5th Cir. 2013). Another case cited by Active involved a default judgment motion where the defendant copied plaintiff's mark with the purpose of deceiving the defendant's own customers. See Legacy Inv. & Mgmt. LLC v. Susquehanna Bank, No. WDQ-12-2877, 2014 WL 836077, at *1 (D. Md. Feb. 28, 2014). Finally, the Eastern District of Michigan issued a permanent injunction after no damages were awarded because of substantial evidence of actual consumer confusion. See CFE Racing Products, Inc. v. BMF Wheels, Inc., No. 11-13744, 2014 WL 700476, at *X (E.D. Mich. Feb. 24, 2014). But in CFE, the infringer's logo bore "a striking resemblance" to the plaintiff's brand logo, and the infringement itself was discovered because of comments by a confused consumer. Id. at *2. While the facts in this case are somewhat similar in other respects, the Court concludes that it cannot find actual irreparable harm consistent with Herb Reed.[1]

Finally, the Court is persuaded by analogous reasoning in the patent context. In

---

[1] At the hearing, the Court instructed the parties that if it desired additional briefing from Active, it would request it. After the hearing, the Court's order permitting Old Navy to file a supplemental brief noted that after the supplemental brief was submitted, Active's motion would stand submitted. (Docket No. 395.) The Court therefore declines to consider Active's unauthorized brief raising new arguments and citing new cases in a supplement filed on March 20, 2014. (See Docket No. 397.) The Court notes in passing however, that while its ruling is not affected by Active's new arguments, those arguments appear unconvincing: evidence of Active's strong reputation and the goodwill associated with its brand is not evidence of actual irreparable harm to Active's reputation or goodwill, and Active's plans to expand its business combined with speculation that Old Navy's infringement might harm that effort is not evidence of actual harm to Active's efforts.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-572 JVS (Ex) | Date | March 21, 2014 |
| Title | Active Sports Lifestyle USA, LLC v. Old Navy, LLC et al. | | |

Apple Inc. v. Samsung Elec. Co., Ltd., 695 F.3d 1370, 1375, the Federal Circuit held that in seeking a permanent injunction after a finding of patent infringement, a plaintiff must establish a substantial causal nexus between the infringement and the irreparable harm that plaintiff claims it will suffer. In other words, a plaintiff must present evidence that directly ties consumer demand for the infringing product to the infringing feature. See id. Similarly in this case, though the jury may have found Old Navy liable for infringement, its decision to award no damages at all indicates that the infringement is not what was driving sales of Old Navy's products, nor damaging Active's sales or the goodwill associated with Active's mark. Because no monetary damage resulted from the pre-trial infringement and no other harm beyond speculation has been demonstrated, the Court finds that no actual irreparable harm flowing from infringing activity subsequent to the trial has been shown.

The Court therefore finds that the irreparable harm factor weighs against issuing a permanent injunction.

    B.    Inadequacy of Legal Remedies

Analysis of this factor overlaps with analysis of the first. See MercExchange, L.L.C. v. eBay, Inc., 500 F. Supp. 2d 556, 582 (E.D. Va. 2007).

As Active points out, loss of goodwill and damage to reputation are not easily measured, often rendering money damages inadequate. See Card Tech Int'l, LLLP v. Provenzano, No. CV 11-2434 DSF (PLAx), 2012 WL 2135357, at * 28 (C.D. Cal. June 7, 2012). However, this analysis blurs with that of the first factor insofar as the Court has already found that Active has not presented evidence of irreparable harm, but rather only a speculative account of loss of goodwill and damage to reputation that is insufficient after Herb Reed. And the Court finds unpersuasive Active's argument at the hearing that the jury's decision not to award damages actually strengthens the case for an equitable remedy. Even if this argument had force, it does not eliminate the other requirements for injunctive relief, e.g., irreparable harm.

Moreover, it is notable that Active did not seek a preliminary injunction in this case. This suggests that Active itself concluded that remedies at law would be adequate to address its injury. Cf. George Basch Co. v. Blue Coral, Inc., 968 F.2d 1532, 1542 (2d

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-572 JVS (Ex) | Date | March 21, 2014 |
| Title | Active Sports Lifestyle USA, LLC v. Old Navy, LLC et al. | | |

Cir. 1992) (noting that a party's decision not to seek a preliminary injunction spoke to its own view that the economic loss it suffered did not warrant a preliminary remedy). Though the context in Blue Coral was different, it is at least relevant to the Court's analysis of whether legal remedies are adequate that Active chose to pursue only a damages remedy at the outset of this case.

While it is true that cases decided before Herb Reed held that a plaintiff's being made to repeatedly sue to halt infringing activity constituted an inadequacy of legal remedies, in the wake of eBay and Herb Reed, it is difficult to cabin those holdings such that they would not apply to any infringement verdict.

Therefore the Court concludes that the adequacy of legal remedies weighs against imposing a permanent injunction.

C. Balance of Hardships

Active asserts that the balance of hardships heavily favors imposing a permanent injunction. The Court disagrees.

First, because the Court has already concluded that Active will suffer at most nominal harm from Old Navy's future infringing activity, it is necessarily the case that a showing of hardship by Old Navy would tip this factor against an injunction.

And indeed, Old Navy has offered evidence that an injunction such as the one Active requests would impose a considerable burden. Specifically, Old Navy would be required to remove millions of dollars of apparel bearing the ACTIVE by Old Navy mark from its stores across the United States, cancel or alter millions of items that have already been placed into production, as well as expend time and resources choosing and implementing a new brand name for its active-wear products. (See Hubbard Decl. ¶¶ 3–12, Docket No. 388-1.)[2] Even though, as Active points out in its reply brief, the

---

[2] Active objects that many of Mr. Hubbard's specific figures, based on information and belief, lack foundation and should not be considered. First, Hubbard is the Senior Director of Finance for Old Navy brand, and much of the relevant information is clearly within his personal knowledge. Moreover, there is certainly enough information within Hubbard's personal knowledge to serve as evidence of the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-572 JVS (Ex) | Date | March 21, 2014 |
| Title | Active Sports Lifestyle USA, LLC v. Old Navy, LLC et al. | | |

proposed injunction would not prevent Old Navy from selling its ACTIVE by Old Navy products abroad, Old Navy has at least demonstrated that it will be forced to expend considerable resources to comply with Active's proposed injunction.

Active contends that any burden on Old Navy should be discounted entirely as one of Old Navy's own making through its infringement of Active's trademark rights. Cf. Triad Sys. Corp. v. Se. Express Co., 64 F.3d 1330, 1338 (9th Cir. 1995), superceded by statute on other grounds, 17 U.S.C. § 117(c) (holding that hardship resulting from desisting from infringing activities does not weigh against injunctive relief). But Old Navy argues that the Court ruled as a matter of law that there had been no adequate showing of willful infringement when it granted Old Navy's motion under Fed. R. Civ. P. 50(a). (12/10/13 Trial Tr. at 1002:21–1003:8, Docket No. 360.) Old Navy suggests that the Court's ruling, and the fact that the jury awarded no damages, should distinguish this case from those cited by Active. The Court finds Old Navy's argument largely unpersuasive.

Considering the cases cited by Active, while Old Navy is correct that the jury's finding on damages make this a special case, the Court must nevertheless discount much of the inconvenience Old Navy would face in complying with the Lanham Act's requirements.

Neither party has demonstrated a substantial burden it would face because of the Court's imposing, or declining to impose, a permanent injunction. Therefore, the balance of hardships favors neither party.

D.  Public Interest

In trademark cases, "[w]here defendant's concurrent use of plaintiff's trademark without authorization is likely to cause confusion, the public interest is damaged by the defendant's use." Sennheiser Elec. Corp. v. Eichler, No. CV 12-10809 MMM (PLAx), 2013 WL 3811775, at *11 (C.D. Cal. July 19, 2013). Here, by finding infringement, the jury has necessarily found a likelihood of confusion. The public interest thus favors granting an injunction to avoid continuing violation of the Lanham Act.

---

general nature the Court has articulated above.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | SACV 12-572 JVS (Ex) | Date | March 21, 2014 |
| Title | Active Sports Lifestyle USA, LLC v. Old Navy, LLC et al. | | |

      Accordingly, the first and second eBay factors weigh against a permanent injunction, the fourth factor favors one and the third is inconclusive. Given the importance of preventing trademark infringement where it exists and where such infringement will continue, this case admittedly presents a close question. However, when considering this matter through the lens of traditional equitable principles, the Court concludes that injunctive relief of the kind Active requests would be inappropriate. Indeed, even a more narrowly crafted injunction would be difficult to justify given the jury's conclusion that Active was not damaged by Old Navy's pre-trial infringement. There is no evidence from which the Court could find that continued technical infringement is likely to bring about the type of harm that would justify an equitable remedy.[3]

## IV.   Conclusion

      For the foregoing reasons, the Court DENIES the motion for a permanent injunction.

                                                                                                                : 00

Initials of Preparer    kjt

---

[3] Given the jury's decision not to award royalties for past conduct, there is no factual basis for Active's post-trial request for prospective royalties. Cf. ActiveVideo Networks, Inc. v. Verizon Commc'ns, Inc., 694 F.3d 1312, 1342 (Fed. Cir. 2012) (reasoning that a court could consider the parties' respective bargaining positions post-verdict and that a sunset royalty based on that calculus plus the expert testimony on damages offered at trial was appropriate). But unlike in ActiveVideo, the jury here awarded no damages at all even in the face of Active's expert testimony. Though the Court can take the finding of liability into account, it is bound by the jury's conclusion that pre-trial infringement justified no royalty. Moreover, there is no basis here for a "sunset" royalty where no injunction will be entered. Cf. Broadcom Corp. v. Emulex Corp., 732 F.3d 1325, 1338 (Fed. Cir. 2013) (affirming sunset period of eighteen months in which to remove infringing products from circulation in patent case in which an injunction was entered).